PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. STEBBINS, | ) | |
| | ) | CASE NO. 5:13CV0545 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARY JENNINGS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro se* Plaintiff Michael W. Stebbins filed this action against Mary and James Jennings. In the Complaint (ECF No. 1), Plaintiff alleges Defendants have custody of his daughters and are attempting to terminate his visitation rights. He does not specify the relief he seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

**I. Background**

Plaintiff's Complaint is very brief. It states in its entirety:

> [T]he Jennings said originally I was a drug attic (sic), and a lazy alcoholic. They got custody of my two daughters. Now that I got a (sic) apt, and a job their (sic) saying I am psycotic (sic), violent, a threat to their family, and my, children. [T]hey are all false accusations, and I would like justice. I was out of work, they offered help. But then kicked me when I was down. Now their (sic) trying to take away my visitation rights[.]

ECF No. 1.

(5:13CV0545)

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(5:13CV0545)

*Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff provides no information that would suggest diversity of citizenship is present in this case. He indicates he lives in Ohio, but does not list a residence for Defendants. *See* 28 U.S.C. § 1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, *i.e.* where no plaintiff is the citizen of the same state as any defendant). Therefore, if federal jurisdiction exists in this case it must be because the case raises a federal question.

3

(5:13CV0545)

In "determin[ing] whether [a] claim arises under federal law," the Court looks only to the "well-pleaded allegations of the complaint and ignore[s] potential defenses" that the defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (internal quotation marks omitted). Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even with that liberal construction, however, Plaintiff has failed to properly identify a federal question in this case. Defendants appear to be private citizens, not government officials. The allegations in the Complaint (ECF No. 1) suggest the dispute involves child custody and visitation claims, which are wholly state law issues. *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998), *amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001); *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). Even cases that meet the technical requirements for diversity jurisdiction, but which are in essence domestic relations or child custody disputes, will not be entertained by federal courts. *Catz*, 142 F.3d at 290. Plaintiff's Complaint (ECF No. 1)

4

(5:13CV0545)

fails to identify any federal questions or any federal statutes upon which he relies to bring this action. Consequently, Plaintiff cannot rely on the presence of a federal question to establish this Court's jurisdiction.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

| | |
|---|---|
| August 29, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.